UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT A. CHISM, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14 CV 285 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion and Amended Motion of Vincent A. Chism to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

On March 3, 2009, I sentenced Chism to 168 months' imprisonment, following his plea of guilty to possession with intent to distribute in excess of 50 grams of crack cocaine. Case No. 4:08CR465 CDP. Chism qualified as a career offender, so his advisory guidelines range was calculated under § 4B1.1(b) of the Sentencing Guidelines. His guidelines range was 262 to 327 months. Chism did not appeal his sentence.

When the Sentencing Guidelines were amended to reduce the sentences for crack cocaine offenders, Chism filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). I denied that motion because Chism had been sentenced under the

career offender guidelines rather than the crack guidelines. [Case No. 4:08CR465CDP, Order dated 2/26/13, docket entry # 42].

On February 14, 2014, Chism filed a *pro se* motion seeking relief under § 2255, arguing that he should not have been sentenced as a career offender because his prior conviction for domestic assault should not have been classified as a "crime of violence" under U.S.S.G. § 4B1.1(a). I appointed counsel, who then filed an amended motion to vacate the sentence. In the amended motion, counsel argued that the domestic violence conviction could not be considered a crime of violence, relying, as Chism had in his *pro se* motion, on *Descamps v. United States*, 133 S.Ct. 2267 (2013), and arguing that *Descamps* was retroactively applicable to cases on collateral review.

After the United States Supreme Court decided *Johnson v. United States,* 135 S.Ct. 2551 (2015), counsel filed a supplemental pleading arguing that under *Johnson* Chism should no longer be considered a career offender. In *Johnson* the Supreme Court held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague, and Chism argued that the same analysis should apply to crimes of violence under the career offender sentencing guidelines.

I ordered the parties to file supplemental briefing, and counsel for movant filed a supplemental brief discussing the retroactivity of *Johnson* as discussed in *Welch v. United States*, 136 S.Ct. 1257 (2016), and further arguing, as he had

before, that the principles of *Johnson* applied equally to career offender classifications under the Sentencing Guidelines as to the ACCA. Defendant also discussed the cognizability and the timeliness of Chism's claims to relief, both of which had been challenged in the government's responsive briefing.

Before its responsive brief was due, the government requested that I stay the case pending the United States Supreme Court's consideration of *Beckles v. United States,* which, it argued, was potentially dispositive of the issues presented here. I granted that request and stayed the matter pending the decision in *Beckles.*

When the Supreme Court decided *Beckles*, it held that the United States Sentencing Guidelines could not be challenged on void for vagueness grounds, and so the ruling of *Johnson* had no effect on the career offender guidelines. *Beckles v. United States,* 137 S.Ct. 886 (2017). Moreover, to the extent that Chism relied on *Descamps v. United States*, 133 S.Ct. 2276 (2013), the Eighth Circuit Court of Appeals has determined that *Descamps* did not create a new rule that would apply retroactively to cases on collateral review. *Headbird v. United States*, 813 F.3d 1092 (8th Cir. 2016).

Because *Johnson* does not apply to career offender cases, and because *Descamps* is not retroactive to cases on collateral review, Chism's § 2255 motion is both untimely and without merit. I will therefore lift the stay previously imposed and deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that the stay in this case is lifted.

**IT IS FURTHER ORDERED** that the motion and amended motion to vacate, set aside or correct sentence [1, 12] are denied.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket a copy of this Memorandum and Order in Chism's Criminal Case No. 4:08CR465 CDP.

A separate judgment in accord with this order is entered today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2017